IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO.  2:09CV658-WHA-CSC |
| | ) |
| 1999 FREIGHTLINER TRACTOR, | ) |
| VIN: 1FUYSSEB2XPA31587, with all | ) |
| appurtenances and attachments thereon, | ) |
| | ) |
| 2002 UTILITY TRAILER VS2RA | ) |
| REFRIGERATION TRAILER, VIN: | ) |
| 1UYVS25302U755001, with all | ) |
| appurtenances and attachments thereon, | ) |
| | ) |
|    Defendants, | ) |
| | ) |
| RICARDO RENDON, | ) |
| | ) |
|    Claimant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Now pending before the court is the motion of the United States of America for judgment on the pleadings (Doc. 23) filed on January 24, 2012. After careful consideration of the motion and the pleadings the court concludes that the motion is due to be granted as to claimant Ricardo Rendon.[1]

---

[1] The government asserts that Ricardo Rendon is "the only claimant in this civil case since Norma Rendon did not file a claim or answer in response to the government's Verified Complaint for Forfeiture In Rem." (Doc. 24, p. 2 n.2). However, Norma Rendon was served on with the summons and complaint on September 17, 2009. (Doc. 9; Doc. 22-1 p 6). On January 24, 2012, the government filed an application for entry of default as to Norma Rendon (Doc. 22), which is currently pending.

### I. Standard of Review

"After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998). In reviewing a motion for judgment on the pleadings, the district court must accept all well-pleaded factual allegations in the nonmoving party's pleadings as true, and all reasonable inferences from those pleaded factual allegations are viewed in a light most favorable to the non-moving party. *See United States v. $41,580.00 in U.S. Currency*, 253 Fed. App'x. 880, 882 (11th Cir. 2007); *Hawthorne*, 140 F.3d at 1370. Because Ricardo Rendon is proceeding *pro se*, his pleadings are held to a less stringent standard than are pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### II. Discussion

No material facts are in dispute. On July 14, 2009, the government filed a complaint seeking forfeiture of (a) a 1999 Freightliner Tractor, VIN: 1FUYSSEB2XPA3 1587, with all appurtenances and attachments thereon; and (b) a 2002 Utility Trailer VS2RA Refrigeration Trailer, VIN: 1UYVS25302U755001, with all appurtenances and attachments thereon. (Doc. 1 ¶ 2). After initially contesting forfeiture (Doc. 10), Ricardo Rendon filed a motion to amend his answer on January 23, 2012 (Doc. 21), which the court granted (Doc. 25). In his amended answer, Ricardo Rendon stated that he "voluntarily waives any right to

the Freightliner tractor and the Utility Trailer and voluntarily forfeits any present right to challenge the seizure of this property listed as the 'defendants.' ... Rendon realizes he cannot prevail in this matter and in the interest of expeditious judicial prudence for all parties concerned, Rendon requests that the court allow the government to re-file its dispositive motion and complete this action without a civil trial."  Doc. 21.  Further, Rendon stated:

> -I am the owner of the property listed as the "Defendants" in civil actions 2:09-CV658-WHA.
>
> -I voluntarily waive my right to pursue any present litigation to challenge the seizure of said property listed as "Defendants" in 2:09-CV-658-WHA.
>
> -I voluntarily forfeit the property listed as "Defendants" in 2:09-CV-658-WHA to the United States Government.
>
> -I voluntarily choose to resolve civil action 2:09-CV-658-WHA through a dispositive motion rather than a civil trial.

(Doc. 21).

Accordingly, upon consideration of the complaint (Doc. 1), the amended answer (Doc. 21) filed by Ricardo Rendon, and the government's motion for judgment on the pleadings (Doc. 23) and supporting brief (Doc. 24), the court concludes that "there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998).  Therefore, the motion for judgment on the pleadings is due to be granted.  *Id.*

## CONCLUSION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the

Magistrate Judge that the government's motion for judgment on the pleadings (Doc. 23) be **GRANTED** as to Ricardo Rendon. It is further

**ORDERED** that the parties shall file any objections to this Recommendation on or before February 9, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of January, 2012.

                                       /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE