IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 2:09cv658-WHA** |
| ) | |
| **1999 FREIGHTLINER TRACTOR,** ) | |
| **VIN: 1FUYSSEB2XPA31587,** ) | |
| **WITH ALL APPURTENANCES AND** ) | |
| **ATTACHMENTS THEREON;** ) | |
| ) | |
| **and,** ) | |
| ) | |
| **2002 UTILITY TRAILER VS2RA** ) | |
| **REFRIGERATION TRAILER,** ) | |
| **VIN: 1UYVS25302U755001,** ) | |
| **WITH ALL APPURTENANCES AND** ) | |
| **ATTACHMENTS THEREON,** ) | |
| ) | |
| **Defendants.** ) | |

## DECREE OF FORFEITURE

Before the Court is the United States of America's ("United States") Motion for Decree of Forfeiture.

On July 14, 2009, the United States filed a Verified Complaint for Forfeiture *In Rem* alleging that the Defendant property was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4), because it constituted property that was used to transport, or in any other manner, to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of 21 U.S.C. §§ 801 *et seq*. (Doc. #1).

It appearing that process was fully issued in this action and returned according to law:

Pursuant to a Warrant for Arrest *In Rem* issued by this Court on July 20, 2009, the United

States Marshals Service was commanded to send any person who reasonably appeared to be a potential claimant, based upon the facts known to the United States, a copy of the Warrant and Verified Complaint for Forfeiture *In Rem* in a manner consistent with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the Federal Rules of Civil Procedure (Doc. #3);

The United States Marshals Service served the Defendant property on August 5, 2009 (Doc. #s 4, 5);

On August 5, 2009, a deputy United States Marshal personally served Ricardo Rendon (hereinafter, "Rendon") with copies of the Verified Complaint for Forfeiture *In Rem*, Warrant of Arrest *In Rem*, and Notice of Complaint for Forfeiture against Personal Property (Doc. #6);

On August 19, 2009, Josefina Rendon accepted service on behalf of Norma Rendon from a deputy United States Marshall of copies of the Verified Complaint for Forfeiture *In Rem*, Warrant of Arrest *In Rem*, and Notice of Complaint for Forfeiture against Personal Property (Doc. #9);

Notice of this civil forfeiture action was posted on an official government internet site (www.forfeiture.gov) for a period of 30 consecutive days, beginning on July 21, 2009, and ending August 19, 2009, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Doc. #7);

On September 4, 2009, Rendon filed a Claim to the Defendant property (Doc. #8) and on September 25, 2009, Rendon filed an Answer to the Verified Complaint for Forfeiture *In Rem* (Doc. #10);

On January 10, 2012, the United States filed a motion for a trial date or, in the alternative,

a modification of the Scheduling Order (Doc. #19) which the Court granted on January 11, 2012 (Doc. #20);

On January 23, 2012, Rendon filed his response to the United States' motion for a trial date or, in the alternative, a modification of the Scheduling Order. The Court construed this response as a motion to amend his answer (Doc. #21). The Court granted Rendon's motion (Doc. #21) on January 25, 2012 (Doc. #25). In his amended answer (Doc. #21), Rendon stated that he "voluntarily waives any right to the Freightliner tractor and the Utility Trailer and voluntarily forfeits any present right to challenge the seizure of this property."

On January 24, 2012, the United States filed a motion for judgment on the pleadings (Doc. #23) with supporting brief (Doc. #24);

On January 26, 2012, the Court entered the Recommendation of the Magistrate Judge which granted judgment on the pleadings as to Rendon (Doc. #26);

On January 26, 2012, default was entered against Norma Rendon for failure to answer or otherwise defend as provided for in the manner set forth in 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Doc. #27).

No other claim or answer has been filed on behalf of any other party.

Now, therefore, on motion of the United States for a Decree of Forfeiture and for good cause otherwise shown, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1.  No timely objection having been filed to the Recommendation of the Magistrate Judge, the court adopts the Recommendation and judgment on the pleadings is entered in favor of the United States and against Ricardo Rendon.

2.  Default having been entered in favor of the United States and against Norma Rendon, default judgment is rendered in favor of the United States and against Norma Rendon.

3.  The United States of America's Motion for Decree of Forfeiture is GRANTED.

4.  The following Defendant property is hereby forfeited to the United States, to be disposed of according to law, and no right, title or interest in the Defendant property shall exist in any other party:

> (a) a 1999 Freightliner Tractor, VIN: 1FUYSSEB2XPA31587, with all appurtenances and attachments thereon; and,
>
> (b) a 2002 Utility Trailer VS2RA Refrigeration Trailer, VIN: 1UYVS25302U755001, with all appurtenances and attachments thereon.

DONE this the 16th day of February, 2012.

/s/ W. Harold Albritton
SENIOR UNITED STATES DISTRICT JUDGE